IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CODY MANNING,** and **RYAN COLE,** Individually, and On Behalf of All Others Similarly Situated, | Civil Action No.: |
| Plaintiffs, -against- | **COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |
| **GUARDIAN HOME SERVICES, LLC, d/b/a THE FIREPLACE DOCTOR,** and **MARSHA L. HUNNICUTT,** | |
| Defendants. | |

Plaintiffs, **CODY MANNING**, and **RYAN COLE** (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, JTB LAW GROUP, LLC, and Williams Litigation Group, P.C., as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action, individually and on behalf of the putative collective members, to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. There are two proposed Collectives. One proposed Collective is composed of all former and current Supervisor/Technicians of Defendants and misclassified as exempt from overtime by Defendants during the applicable statutory period; the other proposed Collective is composed

1

of all former and current Technicians of Defendants and misclassified as exempt from overtime by Defendants during the applicable statutory period.

3. Plaintiffs, individually and on behalf of all others similarly situated, bring this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation of their statutory obligations to pay Plaintiffs and the putative collective members for overtime compensation at a rate of time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7. Defendant, **GUARDIAN HOME SERVICES, LLC, doing business as the Fireplace Doctor**, is a business corporation organized and existing under the laws of the State of Alabama. It is headquartered at 2419 Cary Avenue, Unit A, Flomaton, Alabama 36441.

8. Upon information and belief, Defendant **MARSHA L. HUNNICUTT** is the sole Owner of **GUARDIAN HOME SERVICES, LLC** (collectively referred as "Defendants").

9. Defendants' mailing address is 2419 Cary Avenue, Unit A, Flomaton, Alabama 36441.

10. Defendants are actively doing business in this State and District.

11. Defendants are employers engaged in interstate commerce as that term is defined under the FLSA.

12. Plaintiff, **CODY MANNING** ("Plaintiff Manning"), is currently a resident of Cobb County, State of Georgia.

13. Plaintiff Manning was employed by Defendants as a Supervisor/Technician and worked at Defendants' location at 625 Carlouetta Rd., Mableton, Georgia 30126 from approximately February 2013 to November 2013.[1]

14. Defendants classified Plaintiff Manning and the position of "Supervisor/Technician" as exempt from overtime.

15. Defendants never paid Supervisor/Technicians, such as Plaintiff Manning, any overtime compensation.

16. Plaintiff, **RYAN COLE** ("Plaintiff Cole"), is currently a resident of Paulding County, State of Georgia.

17. Plaintiff Cole was employed by Defendants as a Technician and worked at Defendants' location at 625 Carlouetta Rd., Mableton, Georgia 30126 from approximately February 2013 to October 2013.

18. Defendants classified Plaintiff Cole and the position of "Technician" as exempt from overtime.

19. Defendants never paid Technicians, such as Plaintiff Cole, any overtime compensation.

---

[1] As the date of filing this Complaint, Plaintiff Manning has not received his W-2 from the Defendants.

**FACTUAL ALLEGATIONS**

20. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

21. Defendant, **GUARDIAN HOME SERVICES, LLC ("GHS"),** is a privately owned establishment operating and doing business as a fireplace and chimney repair and construction company.

22. At all times relevant herein, **GHS** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

23. At all times relevant herein, Defendants were/are jointly the "employers" of Plaintiffs and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

24. Upon information and belief, at all times relevant herein, Defendants either directly or indirectly hired Plaintiffs and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept some records regarding their employment.

25. At all times relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and all the other similarly situated employees.

26. At all relevant times herein, Plaintiffs and the other similarly situated employees of Defendants were/are classified as exempt from overtime.

27. At all relevant times herein, Plaintiffs and the other similarly situated employees of Defendants were paid a fixed salary regardless the number of hours they worked/work for any given day or any give week.

28. The primary job responsibilities of Supervisor/Technicians are to do manual labor, construction work, and repair fireplaces and chimneys.

29. Plaintiff Manning did not have any authority to hire or fire crew members.

30. The primary job responsibilities of Technicians are to do manual labor, construction work, and repair fireplaces and chimneys.

31. During the applicable statutory period, Plaintiffs and all other similarly situated employees were required by Defendants to regularly work well over forty (40) hours per week.

32. During the applicable statutory period, Plaintiffs and all other similarly situated employees did/do not fall under any exemption from overtime pursuant to the FLSA.

33. Defendants failed to compensate Plaintiffs and all other similarly situated employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours worked in excess of forty (40) per week, in violation of the FLSA.

34. Defendants' failure to pay overtime compensation to Plaintiffs and all other similarly situated employees, as alleged herein, was and/or is willful, intentional and/or not in good faith.

35. At all relevant times herein, Defendants maintained control, oversight, and direction over Plaintiffs and all other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

36. Defendants have consistently, and continue to enforce a uniform policy and practice of permitting, encouraging, and/or requiring its employees, including Plaintiffs and all other similarly situated employees, to work overtime without lawful compensation, as described herein.

37. At all relevant times herein, Defendants have failed to accurately record all of the hours worked by Plaintiffs and all other similarly situated employees, and failed to properly compensate them for overtime compensation, in violation of the FLSA.

38. At all relevant times herein, starting more than three (3) years prior to the filing of this action and continuing to the present, Defendants have deprived Plaintiffs and all other similarly situated employees of compensation for overtime, as described herein.

39. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, the Georgia Department of Labor, or any administrative practice or enforcement policy of such departments.

40. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

42. Plaintiffs bring this action, individually and on behalf of all other similarly situated employees, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

43. Plaintiffs bring this collective action to recover monetary damages owed by Defendants to Plaintiffs and members of the putative Collective for all the overtime worked.

44. Plaintiffs bring this claim for relief due to Defendants' intentional violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). There are two proposed collectives. The Collectives are defined as follows:

> **a. All Supervisor/Technicians employed by Defendants in the United States and classified as exempt from overtime from February 2011 to present who worked at least one hour in excess of forty (40) in a workweek without receiving overtime pay; and**
>
> **b. All Technicians employed by the Defendants in the United States and classified as exempt from overtime from February 2011 to present who worked at least one hour in excess of forty (40) in a workweek without receiving overtime pay.**

45. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiffs and the putative collective members are similarly situated in that they were all subject to Defendants' commonly applied policy and/or practice of misclassifying Plaintiffs and the putative collective members as exempt from overtime. Further, all members of the putative collectives have been subjected to Defendants' willful and intentional violation of their statutory obligation to pay overtime compensation at time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week.

46. This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the collective which predominates over any questions affecting only individual members, including:

   a. Whether Defendants are liable to Plaintiffs and the putative collective members for violations of the FLSA;

   b. Whether Defendants misclassified Plaintiffs and the putative collective members as exempt from overtime compensation under the FLSA;

    c. Whether Plaintiffs and the putative collective members worked over forty (40) hours in a workweek;

    d. Whether Defendants failed to pay Plaintiffs and members of the putative collectives overtime compensation for all hours in the work week in excess of forty (40);

47. This litigation is properly brought as a collective action because Plaintiffs' claims are typical of the claims of the members of the collective, inasmuch as all such claims arise from Defendants' standard policy and practice, as alleged herein. Like all other collective members, Plaintiffs were damaged by Defendants' uniform policy and practice which failed to pay proper overtime compensation.

48. Plaintiffs have no interests antagonistic to the interests of the other members of the Collectives. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in collective action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the collectives.

49. Collective certification is also fair and efficient because prosecution of separate actions by individual collective members would create a risk of differing adjudications with respect to such individual members of the collective, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

50. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents wage and hour claims of a type that have often been prosecuted on a

classwide basis, and the manner of identifying the Collectives and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of FLSA)**

51. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

52. Plaintiffs did not fall under any exemption of the FLSA.

53. Defendants misclassified Plaintiffs as exempt from overtime, in violation of the FLSA.

54. Plaintiffs were required by Defendants and did regularly work over forty (40) hours a week,

55. Defendants failed to pay Plaintiffs proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

56. Defendants' commonly applied policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary, and/or in bad faith.

57. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

58. As a result of the foregoing, Plaintiffs were illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
**(Collective Action Claims for Violation of FLSA)**

59. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

9

60. Plaintiffs and all other similarly situated employees did not fall under any exemption of the FLSA.

61. Defendants misclassified Plaintiffs and all other similarly situated employees as exempt from overtime, in violation of the FLSA.

62. Plaintiffs and all other similarly situated employees were required by Defendants and did regularly work over forty (40) hours a week.

63. Defendants failed to pay Plaintiffs and all other similarly situated employees proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a work week in excess of forty (40), in violation of the FLSA.

64. Defendants' commonly applied policy and practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

65. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

66. As a result of the foregoing, Plaintiffs and all other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' wage policy and practice described herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

B.	An order for injunctive relief ordering the Defendants to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and related regulations.

C.	Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the putative Collective members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

D.	Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Collectives during the applicable statutory period.

E.	Judgment for any and all civil penalties to which Plaintiffs and all other collective members may be entitled.

F.	An order directing Defendants to pay Plaintiffs and members of the putative Collectives prejudgment interest, reasonable attorney's fees and all costs connected with this action.

G.	Incentive awards for the lead Plaintiffs.

H.	An order requiring Defendants to turn over to Plaintiffs, at their own expense, a detailed investigative accounting for the number of overtime hours worked by Plaintiffs and each putative collective member.

I.	Such other and further relief as to this Court may deem necessary, just and proper.

Dated: March 25, 2014

            RESPECTFULLY SUBMITTED,

            **WILLIAMS LITIGATION GROUP, P.C.**
            Local Counsel

            /s/ Nathan T. Williams
            Nathan T. Williams
            Post Office Box 279
            Brunswick, Georgia 31521-0279
            (912) 264-0848 (office)
            (912) 264-6299 (fax)
            nathan@williamslg.com

            -And-

            **JTB LAW GROUP, LLC**
            Proposed Lead Counsel
            Jason T. Brown
            155 2nd Street, Suite 4
            Jersey City, NJ 07302
            (201) 630-0000 (office)
            (855) 582-5297 (fax)

            *Attorneys for Plaintiffs*