IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CODY MANNING, and RYAN COLE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUARDIAN HOME SERVICES, d/b/a THE FIREPLACE DOCTOR, and MARSHA L. HUNNICUTT,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-855-MHC |

## DEFAULT JUDGMENT

This Fair Labor Standards Act ("FLSA") case comes before the Court on Plaintiffs' Motion for Entry of Default Judgment against Defendants Guardian Home Services d/b/a The Fireplace Doctor and Marsha L. Hunnicutt [Doc. 19].

I.  Procedural Background

The Complaint in this action was filed on March 25, 2014, to recover money damages, liquidated damages, interests and costs, and reasonable attorneys' fees as a result of Defendants' alleged willful violation of the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiffs conducted a diligent search of the records of the Georgia Secretary

of State but were unable to locate Defendants or their current address. Affidavit of Zijian Guan [Doc. 9-2] ("Guan Aff.") ¶ 7. On April 10, 2014, Plaintiffs mailed a Notice of Lawsuit and Request for Waiver of Summons to Defendants at the address shown in the records of the Alabama Secretary of State, which is the same address that was shown on Plaintiffs' pay stubs. Guan Aff. ¶¶ 5-6. The Notice of Lawsuit package was forwarded to an address in Milton, Florida where it was delivered. Id. ¶ 9. Other attempts to serve Defendants at alternative addresses in Milton, Florida were unsuccessful. Id. ¶¶ 12-13.

On July 28, 2014, the Court granted Plaintiffs' Motion for Service by Publication [Doc. 11]. Service by publication was completed on October 11, 2014 [Doc. 15]. Pursuant to Federal Rule of Civil Procedure 12, Defendants' answers were due on December 11, 2014. Plaintiffs filed a motion for entry of Clerk's default on December 24, 2014 [Doc. 16]. The Clerk entered default against both Defendants on December 29, 2014. Based on the foregoing, Plaintiffs filed the present Motion for Entry of Default Judgment [Doc. 19] for the following amounts: (1) For Plaintiff Cody Manning, in the amount of $4,300.00 for payment of overtime wages and $4,300.00 for liquidated damages; (2) For Plaintiff Ryan Cole, in the amount of $3,252.60 for payment of overtime wages and $3,252.60 for liquidated damages; (3) for opt-in Plaintiff Joseph Tidwell, in the amount of

$3,938.80 for payment of overtime wages and $3,938.80 for liquidated damages; and (4) litigation costs in the amount of $1,067.37, amounting to a total sum of $24,050.17.  Affidavit in Support of Default Judgment [Doc. 19-1].

## II.  Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Fed. R. Civ. P. 12(a)(1)(A), upon motion, the clerk must enter default against the defendant pursuant to Fed. R. Civ. P. 55(a).  A default constitutes admission of all well-pleaded factual allegations contained in the complaint, but is not considered an admission of facts that are not well-pleaded or conclusions of law.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Anheuser-Busch, Inc. v. Philpot, 317 F. 3d 1264, 1266 (11th Cir. 2003).  "A motion for the Court's entry of judgment by default is not granted as a matter of right, and in fact is judicially disfavored.  That is why [Rule] 55(b)(2) vests the Court with judicial discretion in determining whether the judgment should be entered."  Patray v. Nw. Publ'g, Inc., 931 F. Supp. 865, 868 (S.D. Ga. 1996) (internal footnote and citation omitted).  The Eleventh Circuit has instructed that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations" and that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his

day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

A default judgment may be entered by the court only if the well-pleaded factual allegations of the complaint, which are deemed admitted by reason of default, provide a sufficient legal basis for such entry. Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").[1] "The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an entry of judgment by default." Fidelity & Deposit Co. of Md. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that the pleading standard of Rule 8 of the Federal Rules of Civil Procedure:

---

[1] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit handed down before October 1, 1981, unless Eleventh Circuit en banc or Supreme Court decisions subsequently have considered the issue. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982); Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

> does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted). "This analysis is equally applicable to a motion for default judgment." Edenfield v. Crib 4 Life, Inc., No. 6:13-CV-319-Orl-36KRS, 2014 U.S. Dist. LEXIS 46822, at *3 (M.D. Fla. Mar. 10, 2014) (citing De Lotta v. Dezenzo's Italian Rest., Inc., No. 6:08-CV-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110257 (M.D. Fla. Nov. 24, 2009)).

### III. ANALYSIS

Having thoroughly reviewed the record in the above-styled case, the Court finds as follows:

- Counsel for Plaintiffs has filed an Affidavit and a Notice of Service by Publication, which establishes that Defendants have not responded to the complaint within the time allowed by Rule 12 of the Federal Rules of Civil Procedure. Guan Aff. [Doc. 9-2]; Notice of Service by Publication [Doc. 15].

- The Clerk has made an entry of default as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

- Through well-pleaded factual allegations in his Complaint, which are deemed admitted by reason of default, Plaintiffs have provided a sufficient legal basis for entry of default judgment on their claims alleging that Defendants violated of the Fair Labor Standards Act by failing to pay Plaintiffs overtime wages to which they were entitled.

- Plaintiffs' damages are for a sum certain or a sum that can be made certain by computation and counsel for Plaintiffs has established the amount of such damages to be $11,491.40 for payment of overtime wages and $11,491.40 for liquidated damages.

- Plaintiffs allege to have incurred $1,067.37 in litigation costs they are entitled to recover under 29 U.S.C. § 216(b).

IV. **CONCLUSION**

For the foregoing reasons the Court hereby **GRANTS** Plaintiffs' Motion for Entry of Default Judgment against Defendants Guardian Home Services, LLC d/b/a The Fireplace Doctor, and Marsha L. Hunnicutt [Doc. 19].

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs, and against Defendants Guardian Home Services, LLC d/b/a The Fireplace Doctor, and Marsha L. Hunnicutt in the amount of $24,050.17 and close this case.

**IT IS SO ORDERED** this 14th day of May, 2015.

_____
MARK H. COHEN
United States District Judge